IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 2:17CR74-2 (RCY) |
| ) | |
| JOEY DEMETRIUS STRADER, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter, which was recently reassigned to the undersigned, is before the Court on Joey Strader's ("Defendant") *pro se* Motion for Compassionate Release ("Motion"). (Mot. for Compassionate Release, ECF No. 154.) For the following reasons, Defendant's Motion (ECF No. 154) is DENIED.

**I.   BACKGROUND**

On August 23, 2017, Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine. (Plea Agreement, ECF No. 53.) From April 2015, until December 13, 2016, Defendant, along with three co-defendants, engaged in a drug distribution conspiracy that operated in the Hampton Roads area, distributing large amounts of methamphetamine. (Statement of Facts 2–3, ECF No. 54.)

On April 9, 2018, the Court sentenced Defendant to a total of one hundred seventy-five (175) months' imprisonment and a supervised release term of five (5) years. (J. at 2–3, ECF No. 112.)

On March 29, 2022, Defendant moved under 18 U.S.C. § 3582(c) for compassionate release due to the COVID-19 pandemic. (Mot. for Compassionate Release, ECF No. 154.) He argues that, in combination with unspecified health conditions, the COVID-19 pandemic presents

1

"extraordinary and compelling" reasons for compassionate release. (*Id.* at 1–2.) Defendant asks the Court to grant his Motion and reduce his sentence to time served. (*Id.* at 5.)

The Court ordered Probation and the Government to advise the Court of their positions on Defendant's Motion. (Order, ECF No. 156.) Both oppose Defendant's Motion. (Resp. in Opp'n, ECF No. 158; Recommendation, ECF No. 159.) The Motion is fully briefed and ripe for a decision.

## II.   LEGAL STANDARD

Title 18 U.S.C. § 3582(c)(1)(A) provides that a district court may reduce a term of imprisonment after it has been imposed "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Fourth Circuit has found this requirement to be a non-jurisdictional claim processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Therefore, it may be waived or forfeited if not timely raised. *Id.*; *see also, e.g., United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (same).

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (quoting *Hamer v. Neighborhoods Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)). "Because 'Congress sets the rules' when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting 'only if Congress wants [it] to.' Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Id.* at 834 (quoting *Ross v. Blake*, 136 S. Ct. 1859, 1857 (2016)). Thus, the thirty-day waiting period is mandatory unless the Government waives or forfeits the requirement. *Id.* ("[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited.").

2

If a motion satisfies the statutory precondition, a district court may reduce the inmate's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction" and concludes "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has ruled that there are no applicable policy statements for the district court to consider in defining extraordinary and compelling reasons; it is within the district court's discretion to assess whether extraordinary and compelling reasons exist.[1] *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

District courts should also consider the sentencing factors under 18 U.S.C. § 3553(a) before granting a motion for compassionate release. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Even if a court "finds that a defendant has demonstrated extraordinary and compelling reasons [for a sentence reduction], it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). A "court may deny a motion for compassionate release if the § 3553(a) factors override what would otherwise be extraordinary and compelling circumstances" meriting compassionate release. *Easter v. United States*, No. 4:16cr49-7, 2020 WL 3315993, at *4 (E.D. Va. June 18, 2020) (citing *United States v. Doumas*, No. 13-cr-120, 2020 WL 3256734, at *2 (E.D.N.Y June 16, 2020)); *see also Kibble*, 992 F.3d at 330–32.

### III. APPLICATION

#### A. Statutory Precondition

Defendant has satisfied the thirty (30) day waiting period pursuant to § 3582(c) because he filed the present Motion with the Bureau of Prisons ("BOP") on May 4, 2020. (*See* Resp. in Opp'n

---

[1] Nevertheless, it is appropriate for the district court to look to USSG § 1B1.13 for guidance. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

Ex. 1, ECF No. 158.) On May 7, 2020, the warden at FCI Petersburg Medium determined that Defendant did not "meet the criteria for a reduction in sentence based on a debilitating medical condition" and denied Defendant's request. (*Id.*) Defendant filed the present Motion on March 29, 2022. Furthermore, the Government accepts that Defendant has exhausted his administrative remedies. (Resp. in Opp'n at 2, ECF No 158.) Therefore, the precondition is met, and the Court proceeds with the merits of Defendant's request.

### B. Extraordinary and Compelling Reasons

To reduce an inmate's term of imprisonment, the Court must find that extraordinary and compelling reasons exist for a reduction in sentence. "[A]n inmate might well be able to present an extraordinary and compelling reason for release based on COVID-19." *High*, 997 F.3d at 185. "An inmate's serious medical condition can be the basis for such a finding, and COVID-19 raises medical issues in the prison context that are particularly serious—it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *Id.* However, the COVID-19 pandemic, by itself, is not a sufficient basis for compassionate release. *See e.g., United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021).

"[C]ompassionate release motions amid the COVID-19 pandemic have required a 'fact-intensive' inquiry, made in the 'unique circumstances' and 'context' of each individual defendant. . . . [C]ourts . . . have considered [1] the age of the prisoner; [2] the severity and documented history of the defendant's health conditions, as well as the defendant's history of managing those conditions in prison; [3] the proliferation and status of infections in the prison facility; [and] [4] the proportion of the term of incarceration that has been served by the prisoner . . . ." *United States v. Brady*, No. 18-cr-316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citations omitted).

4

Considering these factors, the Court finds that Defendant has not presented "extraordinary and compelling" reasons for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant's age weighs against finding "extraordinary and compelling reasons for a sentence reduction. Defendant is thirty-five (35) years old. (PSR at 2, ECF No. 157.) He is not in an age category that is at increased risk from COVID-19. *See* Centers for Disease Control and Prevention ("CDC"), Weekly Updates by Selected Demographic and Geographic Characteristics, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm (last visited July 29, 2022) (noting that jump in risk begins around 45 to 54 age category, with a drastic risk increase around 65 to 74 age category).

Defendant, in his Motion, fails to mention what health conditions warrant reducing his sentence. The Government, however, notes that Defendant argued in his motion to the warden that his asthma and acute bronchitis pose a grave risk to his health if he contracts COVID-19. (Resp. in Opp'n Ex. 1 at 2–3, ECF No. 158.) These health conditions weigh slightly in favor of finding that his circumstances are "extraordinary and compelling." The CDC has released a list of conditions that increase a person's risk of severe illness from COVID-19. CDC, People Who Are at Increased Risk for Severe Illness, https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last updated Mar. 25, 2022). According to the CDC, those who have moderate to severe asthma are at increased risk. *Id.* The CDC does not consider individuals with acute bronchitis to be at greater risk for severe illness from COVID-19. *Id.* Therefore, Defendant only has one condition that places him at increased risk of serious complications from COVID-19.

Nevertheless, "[t]he proliferation and status of infections in the prison facility" in which Defendant is currently housed weigh against that his circumstances are "extraordinary and compelling." *Brady*, 2020 WL 2512100, at *3. Defendant is housed at FCI Petersburg Medium.

BOP, Inmate Locator, No. 91182-083 https://www.bop.gov/inmateloc/ (last visited August 16, 2022). Currently, there are only eight (8) positive cases among the inmates and staff at FCI Petersburg Medium, which has a total inmate population of one thousand six hundred and eighty-five (1685) inmates. BOP, Full Breakdown and Additional Details, https//www.bop.gov/coronavirus/ (updated daily at 3:00 P.M.) (last visited August 16, 2022). While there had been a significant outbreak previously, the facility's rate of recovery indicates that is has learned to control the spread of COVID-19 and how to treat those who contract COVID-19.

The rate of vaccine implementation in BOP facilities is also a relevant consideration at this stage of the pandemic. Over the course of the COVID-19 pandemic, two thousand six hundred and forty (2640) inmates and four hundred and five (405) staff members at the FCI Petersburg compound have been fully inoculated against COVID 19. BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (updated daily at 3:00 P.M.) (last visited August 16, 2022). This weighs against finding extraordinary and compelling reasons for compassionate release.

Another significant factor against a finding of extraordinary and compelling reasons warranting release is Defendant's vaccination status. Defendant received his second dose of the Pfizer-BioNTech vaccine on March 24, 2021. (Resp. in Opp'n Ex. 2, ECF No. 158.) According to the CDC, after a full course has been administered, the Pfizer-BioNTech vaccine is highly effective in reducing the risk of severe illness and death. CDC, Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefit.html (last visited July 29, 2022). Defendant's vaccination status and his eligibility to receive any necessary boosters weigh substantially against a finding that his circumstances warrant compassionate release. *Martinez v. United States*, No. 2:13-cr-122, 2021 WL 5139496, at *3 (E.D. Va. Nov. 3, 2021).

Furthermore, Defendant has served only a relatively small portion of his sentence. Defendant was sentenced to one hundred seventy-five (175) months' imprisonment. (J. at 2, ECF No. 112.) He has been in federal custody approximately sixty-three (63) months, since June 7, 2017. (PSR at 1, ECF No. 157.) Defendant's projected release date is May 19, 2029. BOP, Inmate Locator, No. 91182-083 https://www.bop.gov/inmateloc/ (last visited July 29, 2022). Even factoring in good time credit, Defendant has served significantly less than forty (40) percent of his sentence. This weighs against finding his circumstances extraordinary and compelling.

Defendant also raises a claim that one of the reasons for his Motion is "[i]nequitable drug sentences similar to 924(c) stacking discrepancies." (Mot. for Compassionate Release at 3, ECF No. 154.) This argument fails because the Court sentenced Defendant based on a single count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, which bears little in common with the stacking regime previously related to 18 U.S.C. § 924(c) firearm charges. Therefore, this contention does warrant compassionate release.

The Court weighs these factors together. Defendant has one condition that places him at increased risk of COVID-19 (asthma). However, he does not belong to an at-risk age category, and he received a full course of the Pfizer-BioNTech vaccine. Currently, the facility at which Defendant is housed has a low rate of COVID-19 infections and a high rate of inoculation. Defendant does not appear to be at high risk of contraction COVID-19 at this time. Additionally, Defendant has served less than forty (40) percent of his sentence. Because Defendant has failed to establish extraordinary and compelling reasons for release, his Motion for Compassionate Release is denied. The Court need not reach the question of whether the 18 U.S.C. § 3553(a) factors support release.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's *pro se* Motion for Compassionate Release (ECF No. 154).

An appropriate Order shall issue.

/s/ *[signature]*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  August  22, 2022